UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TRAVAGUZ BUTLER,

        Petitioner,

v.                             Case No. 5:02-cv-384-Oc-10GRJ

SECRETARY, DEPT. OF
CORRECTIONS, et al.,

        Respondents.

_____

## ORDER DENYING THE PETITION

Petitioner, who is proceeding pro se,  initiated this case by filing a Petition for

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.   Petitioner is currently

proceeding on an Amended Petition.  (Doc. 13.)  The Respondents filed a response

to the Amended Petition (Doc. 16), to which Petitioner failed to reply.  Accordingly,

this case is ripe for review.

## Conviction and Sentence

In the Amended Petition, the Petitioner challenges a 1999, Marion County,

state court conviction for one count of carjacking, one count false imprisonment and

one count of battery.  Petitioner received a total sentence of 30 years.

Petitioner appealed his judgment and sentence to the Fifth District Court of

Appeal.  After the filing of an Anders brief,[1] the Fifth District per curiam affirmed

_____

[1] See Anders v. California, 386 U.S. 738 (1967).  The Anders brief filed by Petitioner's public defender raised one issue: whether the trial court erred in denying Petitioner's motion for judgment of acquittal.

Petitioner's judgment and sentence on July 10, 2001.

On June 4, 2002, Petitioner executed a motion for post conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure.  In that motion, Petitioner raised five grounds of ineffective assistance of counsel.[2]  Petitioner's motion was summarily denied on August 6, 2002.[3]  The Order denying Petitioner's Rule 3.850 motion was affirmed on appeal and a motion for rehearing was denied on October 25, 2002.  Petitioner executed the instant Petition on December 26, 2002.

## Timeliness of Petition

Respondents concede that the Petition was timely filed within the one-year limitation period under 28 U.S.C. § 2244(d)(1).[4]

## Claims of Petition

In the Petition, the Petitioner alleges that counsel was ineffective for:

(1) failing to object to Petitioner being shackled during trial and for failing to move for a mistrial when the jury saw him shackled during a sidebar conference;

(2) failing to strike a juror who indicated a belief that a criminal defendant should testify;

---

[2] Petitioner argued that counsel was ineffective for (1) failing to object to Petitioner's shackles and for failing to move for a mistrial when the jury saw Petitioner shackled; (2) failing to strike a juror who indicated a belief that Petitioner should testify; (3) eliciting evidence of Petitioner's prior bad acts and opening the door to collateral crime evidence; (4) failing to object and move for a mistrial where the court's instructions in response to jury questions deprived Petitioner of a fair trial; and (5) failing to object to cumulative errors impacting Petitioner's presumption of innocence.  Appendix (Doc. 7) (hereinafter App.), Ex. H at 6-16.

[3] On appeal, Petitioner argued that: (1) the trial court erred in summarily denying ground one; (2) the trial court erred in summarily denying ground two; and (3) the trial court erred in summarily denying grounds three and four.  App., Ex. L.

[4] Respondents' Response to the Amended Petition (Doc. 16) at 5-6 (citing Nix. V. Secretary for the Dep't of Corr., 393 F.3d 1235 (11th Cir. 2004).

(3) eliciting evidence of Petitioner's prior bad acts and opening the door to collateral crimes evidence;

(4) failing to object and move for a mistrial where the Court's instructions to jury questions deprived Petitioner of a fair trial;

(5) failing to object to cumulative errors impacting the Petitioner's presumption of innocence.

## **Exhaustion/Procedural Bars**

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."[5]  This means that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."[6]

A petition for writ of habeas corpus should not be entertained unless the Petitioner has first exhausted his state remedies.[7]  The courts of Florida must be given the opportunity to consider the Petitioner's legal theory of a federal

---

[5] Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted).

[6] Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir.) cert. denied, 513 U.S. 1061 (1994) (citing Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977)).

[7] Castille v. Peoples, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, *reh'g denied*, 490 U.S. 1076 (1989).

constitutional deficiency and the factual basis for that theory.[8]  Concerns of comity require that exhaustion cannot be satisfied by the mere statement of a federal claim in state court.[9]  The Petitioner must afford the State a full and fair opportunity to address and resolve the claim on the merits.[10]  A full and fair opportunity involves the proper presentation,[11] and substance of, the federal constitutional claim.[12]  Generally, a federal habeas petition should be dismissed if the petitioner has failed to exhaust state remedies.  Additionally, a petitioner must avoid a procedural default by non-compliance with State substantive or procedural requirements.[13]

Respondents urge this Court to find that ground five is procedurally barred because Petitioner failed to challenge the trial court's denial of this issue on appeal of his Rule 3.850 motion.  A review of the record in state court shows that Petitioner did not challenge the trial court's denial of ground five on appeal of his Rule 3.850 motion.[14]  Accordingly, that claim is not exhausted.[15]  Moreover, because Petitioner

---

[8] Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513 (1971).

[9] Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992).

[10] Id.

[11] Castille at 351.

[12] Watson v. Dugger, 945 F.2d 367, 371-372 (11th Cir. 1991).

[13] Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 2553-54, *reh'g denied*, 501 U.S. 1277 (1991).

[14] App at Ex. L..

[15] See Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) ("In Florida, exhaustion usually requires not only the filing of a Rule 3.850 motion, but an appeal from its denial."); see also Farrell v. Lane, 939 F.2d 409, 411 (7th Cir. 1991) (a claim that is raised and denied pursuant to a motion for post conviction relief, but is not appealed, is waived for purposes

cannot now appeal that decision,[16] Petitioner is barred from raising ground five on federal habeas review.[17]   Because Petitioner does not allege cause and prejudice for his default, or that a fundamental miscarriage will occur if the court does not review the merits of that claim, ground five is due to be dismissed with prejudice.

### Evidentiary Hearing

Upon a review of the record, the Petitioner is not entitled to an evidentiary hearing.[18]   The pertinent facts of the case are fully developed in the record before the Court.[19]   Because the Court can "adequately assess [Petitioner's] claim[s] without further factual development,"[20] no additional evidentiary proceedings are required.[21]

### Merits of Claims

After the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the role of a federal habeas court when reviewing a state prisoner's application pursuant

---

of federal habeas review); Smith v. Jones, 923 F.2d 588 (8th Cir. 1991) (the failure to appeal a claim denied in a motion for post conviction relief constitutes a procedural default).

[16] See Fla.R.Crim.P. 3.850(g).

[17] If a Petitioner fails to exhaust his federal constitutional claim, the federal courts may find the unexhausted claim to be procedurally defaulted "if it is clear from state law that any future attempts at exhaustion would be futile." Bailey v. Nagle, 172 F.3d 1299, 1305 (11th Cir. 1999) (per curiam).  In addition, if the Court finds that the unexhausted claim(s) would now be procedurally defaulted, the "exhaustion requirement and procedural default principles combine to mandate dismissal" of those claims.  Id (citing Snowden v. Singletary, 135 F.3d 732, 737 (11th Cir. 1998).

[18] Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999).

[19] Cave v. Singletary, 971 F.2d 1513, 1516 (11th Cir. 1992).

[20] Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 124 S.Ct. 2104 (2004).

[21] High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) cert. denied, 121 S.Ct. 1237 (2001) (citing McClesky v. Zant, 499 U.S. at 494).

to 28 U.S.C. § 2254 is limited.[22]  Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[23] Moreover, each clause, "contrary to" and "unreasonable application," provides a separate basis for review.[24]

Furthermore, under § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[25]  The AEDPA also directs that the factual findings of the state court are afforded a presumption of correctness that can only be rebutted by clear and convincing evidence.[26]  This presumption of correctness applies to factual determinations made by both the state trial and appellate courts.[27]

Finally, for a state court's resolution of a claim to be an adjudication on the merits so that the state court's determination will be entitled to deference for

---

[22] See Williams v. Taylor, 529 U.S. 362, 403-404, 120 S.Ct. 1495, 1518-19 (2000).

[23] See 28 U.S.C. § 2254(d)(1).

[24] Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

[25] See also Van Poyck v. Florida Dept. Of Corr., 290 F.3d 1318, 1321 (11th Cir. 2002) (per curiam) ("[u]nless a state court decision is directly contrary to Supreme Court case law, we review state court findings of fact and conclusions of law for reasonableness").

[26] See 28 U.S.C. § 2254(e)(1).

[27] Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

6

purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling.[28]

In this case, Petitioner alleges claims of ineffective assistance of counsel.  In order to state a successful ineffective assistance of counsel claim, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that the attorney's deficient performance prejudiced the defense.[29]  Further, in reviewing counsel's performance, the inquiry is whether counsel made a reasonable decision under prevailing professional norms and the court should presume effectiveness.[30]

All four of the remaining claims were raised in state court pursuant to Petitioner's Rule 3.850 motion.  In denying the motion, the state court found:

> This Court finds that defense counsel's performance was not deficient.  Counsel's errors, if any, were not so egregious that his representation was so lacking as to violate defendant's Sixth Amendment right.  Additionally, there is no showing of a reasonable probability that the alleged deficient performance effected the outcome of the trial.  Mere allegations and disagreements in defense strategies do not constitute reversible error.  *See*, Strickland v. Washington, 466 U.S. 668 (1984).

---

[28] Wright v. Secretary for the Dept. of Corrections, 278 F.3d 1245, 1255 (11th Cir. 2002) cert. denied, 538 U.S. 906 (2003); see also Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004).

[29] Strickland, supra.

[30] Id at 690.

Defendant alleges that defense counsel's failure to object to Defendant being shackled constitutes reversible error.  There is no showing that the jurors were effected by the shackles and the trial court timely remedied the situation outside the presence of the jury.  (Trial transcript p. 105-108).  Mere glances alone would not constitute reversible error.  Defendant failed to demonstrate an impairment or detriment to his defense caused by the shackles.  *See*, Robinson v. State, 610 So.2d 1288 (Fla. 1992), Singleton v. State, 783 So.2d 970 (Fla. 2001), McCoy v. State, 503 So.2d 371 (Fla. 1987).  Brief exposure of the jury to the Defendant in restraints is not per se prejudicial.  Sireci V. Moore, 2002 WL 276292 (Fla. 2002), 27 Fla. L. Weekly S183.  *See also*, Jackson v. State, 545 So.2d 260 (1989) (fact that jury inadvertently saw defendant in handcuffs did not warrant mistrial).

Defendant alleges [a] new trial or similar remedy is necessary because defense counsel failed to strike a juror who indicated a belief that defendant should testify. Careful scrutiny of the voir dire transcript indicates no such bias or belief on the part of the juror if the comment is taken in context.  (Transcript p. 48-50).  Defense counsel continued to question the juror and made a proper determination that under the proper circumstances, juror would not be biased against defendant or consider Defendant's right not to testify as evidence of his guilt.[31]

Upon an independent review of the record, the state court's adjudication of

Petitioner's claims of ineffective assistance of counsel was not contrary to clearly

established federal law as the state court specifically cited Strickland as the

appropriate standard for reviewing the claims.  Additionally, in light of the evidence

presented in the state court proceedings, this Court does not believe that the state

court's adjudication of the claims involved an unreasonable application of clearly

---

[31] App. at Ex. K.

established federal law, nor do the state court's findings result in a decision that is based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

As to ground one, the trial transcripts show that Petitioner's counsel requested the removal of Petitioner's shackles immediately upon noticing Petitioner was in shackles.[32]  The situation was remedied without haste and outside the presence of the jury.  TT at 108.  Petitioner remained unshackled for the remainder of the trial and the jury only inadvertently glimpsed Petitioner's physical restraints. There is absolutely no evidence that the jurors were affected by seeing Petitioner in restraints.

As to ground two, the trial transcripts show that Petitioner has selectively presented the testimony of the juror in question.  Although Mr. Gardner did state that  he personally thought an innocent defendant should take the stand on his own behalf,[33] Mr. Gardner also stated that the failure of a defendant to testify on his own behalf would not influence his decision-making.  TT at 49.  Mr. Gardner stated that he would listen to both sides before rendering a verdict.  Id.

As to ground three, counsel's elicitation of testimony regarding a prior bad act by Plaintiff was clearly trial strategy.  Petitioners' counsel made it appear as if the witness was biased against the defendant and/or had improper reasons for implicating the defendant in the crime.  TT at 159-173.

---

[32]  App., Ex. B (the trial transcripts) (hereinafter TT) at 106.

[33] TT at 48.

As to ground four, Petitioner challenges the fact that the trial court defined the word contemporaneous for the jury and the fact that the trial court explained to the jurors what would happen should they not be able to come to a unanimous decision on one count of the indictment.  As noted in the response to the amended petition, Petitioner does not allege that the court provided the jurors with an incorrect definition of the word contemporaneous nor does he explain how the court's definition improperly influenced the jury.  TT at 356-359.  Thus, there was no ground for an objection and the failure to do so was not ineffective.  Moreover, the trial transcripts show that the Court never suggested that the jurors consider whether Petitioner would be retried when deliberating.  TT at 362-367.  Accordingly, the Court fails to see how the trial court's answers rendered Petitioner's trial unfair.

### Conclusion

As set forth in this Order, grounds one through four are denied.  Further, ground five is not exhausted and  procedurally defaulted.  Therefore, the Petition is **DENIED** with prejudice.  The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 25th day of October 2005.

**UNITED STATES DISTRICT JUDGE**

c:  Travaguz Butler
    Counsel of Record